# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TEVIN BROCK,** | ) |
| | ) Case No. 7:21CV00585 |
| Petitioner, | ) |
| v. | ) **ORDER** |
| | ) |
| **HAROLD W. CLARKE,** | ) JUDGE JAMES P. JONES |
| | ) |
| Respondent. | ) |

Tevin Brock, a Virginia prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Brock has also filed a "Motion to Stay," and a separate "Motion for Summary Default Judgment," which I construe together as motion for an injunction against the state court that denied his state habeas petition.  For the reasons stated below, Brock's motions will be denied.

The Circuit Court of Culpepper County, Virginia, entered an order on September 16, 2019, allowing Brock to proceed in forma pauperis on his state petition for habeas corpus.  Brock alleges that this same order forwarded the petition to the Virginia Attorney General, directing him to respond to the petition within 45 days.  After hearing nothing for more than four months, Brock filed a motion for summary judgment in the case.  The state court entered an order directing the Attorney General to file a response within 45 days.

The respondent ultimately filed a motion to dismiss Brock's state petition. Brock requested an extension of time to respond, which was granted. Brock filed his response in opposition to the motion to dismiss on May 29, 2020. Thereafter, the state court entered a final order dismissing Brock's petition with prejudice on June 1, 2020. Brock appealed the dismissal to the Supreme Court of Virginia, which refused the appeal on May 5, 2021.

Brock now alleges that the circuit court wrongfully allowed respondent to file pleadings in response to his petition because the respondent was in default. He asks this court, essentially, to order the circuit court to enter a default judgment in his favor. At the outset, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from granting an injunction "to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* The Act reflects the "fundamental constitutional independence of the States and their courts." *Ackerman v. Exxon Mobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013) (internal quotation marks and citation omitted).

The timeliness of pleadings in the Virginia proceeding is a matter of state law, not federal constitutional law. Under Virginia law, "The time allowed for filing pleadings may be extended by the court in its discretion *and such extension may be granted although the time fixed already has expired*." Va. Sup. Ct. R. 1:9 (emphasis

added). Even when a party is in default, the court may allow a respondent to file a late responsive pleading. Va. Sup. Ct. R. 3:19(b). Further, within 21 days after entering a default judgment, the state court has discretion to vacate the default judgment and allow the respondent to file a responsive pleading. Va. Sup. Ct. R. 3:19(d)(1).

The time for Brock to object to the circuit court allowing the late pleadings was in February 2020, when the court entered the order and had the ability to change its decision upon finding that respondent had no good cause for responding late or that Brock would be substantively prejudiced in prosecution of his petition by allowing the late filing. *See Rook v. Rook,* 353 S.E.2d 756, 758 (Va. 1987). At this late juncture, respondent answered, Brock replied on the merits, the circuit court granted respondent's motion to dismiss, and the case was dismissed. The appeal from the circuit court's decision is over, and whether the respondent should have been allowed to file the motion to dismiss in 2020 is moot.

For the reasons stated herein, it is **ORDERED** that Brock's motions, ECF Nos. 31 and 32, are DENIED.

ENTER: May 3, 2022

/s/ JAMES P. JONES_____
Senior United States District Judge