# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TEVIN C. BROCK,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:21CV00585 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **HAROLD W. CLARK, DIRECTOR** ) | JUDGE JAMES P. JONES |
| **OF VIRGINIA DEPARTMENT** ) | |
| **OF CORRECTIONS,** ) | |
| ) | |
| Respondent. ) | |

*Tevin C. Brock, Pro Se Petitioner; Craig W. Stallard, Senior Assistant Attorney General,* OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Respondent.*

Petitioner, Tevin Cornelius Brock, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging sentences imposed in 2016. Respondent has filed a Motion to Dismiss and Rule 5 Answer, to which Petitioner has responded. Upon review of the record, I find that Brock as procedurally defaulted two of his claims. Furthermore, I find that Brock has failed to show that the state court's decision was contrary to or an unreasonable application of clearly established federal law, nor has he shown that the decision was based on an unreasonable determination of the facts. Accordingly, I will grant the Respondent's motion.

I.

Brock was indicted on the following felony charges: possession of a controlled substance while possessing a firearm in violation of Va. Code. Ann. § 18.2-308.4(B), possession of a controlled substance in violation of Va. Code. Ann. § 18.2-250, discharging a firearm while in a motor vehicle in violation of Va. Code Ann. § 18.2-286.1, and two counts of transporting a firearm after being convicted of a violent felony in violation of Va. Code Ann. § 18.2-308.2. Brock was also charged with a misdemeanor offense of driving without a license in violation of Va. Code. Ann. § 46.2-300.

Brock pled guilty to the misdemeanor offense and after a bench trial, was found guilty of all of the felony charges by the Circuit Court for Culpepper County, Virginia. On December 22, 2016, the court sentenced Brock to a total term of imprisonment of 22 years and 6 months, with 10 years and 6 months suspended.

After Brock's appeals to the Court of Appeals of Virginia and Supreme Court of Virginia were denied, he timely filed a state petition for habeas corpus in the Circuit Court for Culpepper County. The court dismissed the habeas petition on June 1, 2020, and the Supreme Court of Virginia subsequently refused Brock's habeas appeal.

Brock then timely filed his instant federal habeas petition in which he asserts the following claims that he also raised in his state habeas petition:

Claim One. Brock's double jeopardy right was violated when he was convicted of 18.2-250 and 18.2-308.4;

Claim Two. The prosecution failed to disclose exculpatory evidence to the defense and only proffered a partial juvenile record;

Claim Three. Trial counsel was ineffective for failing to timely object to Brock's indictment of possession of a controlled substance for being a lesser included offense of possession of a gun while possessing a controlled substance;

Claim Four. Trial counsel was ineffective for failing to object to the admissibility of Brock's juvenile records and failing to obtain the juvenile disposition records for Brock's conviction prior to trial;

Claim Five. Trial counsel fail to investigate the issue that Brock received confirmation from several police agencies that he was not a convicted felon before he obtained a firearm;

Claim Six. Trial counsel failed to investigate a potential eyewitness about the petitioner's charge of shooting a firearm from a vehicle and violent felony possession; and

Claim Seven. Trial counsel failed to use pertinent witness statements revealed to the defense via a discovery order at Brock's trial to substantiate Brock's version of the events.

II.

Respondent contends that Brock procedurally defaulted Claims One and Two and therefore the claims are subject to dismissal. I concur.

On direct appeal, the Court of Appeals of Virginia dismissed Claim One (double jeopardy) because Brock failed to assert the objection at the trial level as is required by Supreme Court of Virginia Rule 5A:18. The Supreme Court of Virginia refused Brock's petition for appeal. Brock did not raise Claim Two (*Brady* violation) on direct appeal. The state habeas court expressly found that both claims were procedurally defaulted pursuant to *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974).

"[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, . . . or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).[1]

Generally, a Virginia habeas court's dismissal pursuant to *Slayton* is an adequate and independent state law ground for default that is not subject to federal habeas review absent a showing of cause and prejudice or fundamental miscarriage

---

[1] I have omitted internal quotation marks, citations, and alterations throughout this opinion unless otherwise noted.

of justice to excuse default. *Vinson v. True*, 436 F.3d 412, 417 (4th Cir. 2005). And Virginia courts have applied *Slayton* to double jeopardy and *Brady* claims. *Peterson v. Bass*, 343 S.E.2d 475, 478 (Va. Ct. App. 1986) (ruling challenge pursuant to the Double Jeopardy Clause defaulted under *Slayton*); *Carpitcher v. Hinkle*, No. CL 02–6, 2003 WL 23162357, at *6 (Va. Cir. Ct. Aug. 11, 2003) (finding a Brady claim defaulted under *Slayton*); *Winston v. Kelly*, 624 F. Supp. 2d 478, 497 (W.D. Va. 2008) ("[Petitioner] points to nothing that suggests that the Supreme Court of Virginia has failed to apply *Slayton* consistently to any class of claims, including *Brady* claims, when those claims could have been raised previously but were not.").[2] Thus, absent a showing of cause and prejudice or a fundamental miscarriage of justice, Claims One and Two are unreviewable.

Nonetheless, Brock argues that his petition should be granted because he did raise Claim One on appeal. "After determining that a state court relied on an adequate and independent state-law ground for decision, [a federal court] may only inquire into whether cause and prejudice exist to excuse a state procedural default, not into whether the state court properly applied its own law . . . in applying *Slayton*." *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). This notion that a federal court "does not have license to question a state court's finding of procedural default"

---

[2] This is not a situation in which the petitioner raised the double jeopardy issue but merely failed to explicitly refer to the Double Jeopardy Clause. *See Jones v. Sussex I State Prison*, 591 F.3d 707, 711 (4th Cir. 2010).

is a "basic tenant of federal *habeas* review." *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995).

But even if I were to question the state court's reliance on *Slayton* as grounds for finding procedural default as to Claim One, Claim One would still fail. *Slayton* has been cited as a ground for a procedural default finding when a petitioner has failed to raise an objection at trial pursuant to Supreme Court of Virginia Rule 5A:18. *King v. Dean*, No. 91-7305, 1992 WL 29295, at *1 n.* (4th Cir. Feb. 21, 1992) (unpublished). Such finding conforms with the reasoning expressed by the Supreme Court of Virginia in *Slayton*: "A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect." *Slayton*, 205 S.E. 2d at 682. Moreover, a Virginia appellate court's finding that Rule 5A:18 bars appellate review is also a finding of procedural default that constitutes an independent and adequate ground for denying relief. *Williams v. Dillman*, No. 1:09cv369 (CMH/JFA), 2010 WL 723111, at *4 (E.D. Va. Mar. 1, 2010).

Brock does not argue that this default is excused due to cause and prejudice. And even if he did, that contention would lack merit because Brock has not established that he was deprived of the constitutional right to counsel. *See Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017) ("It has long been the rule that attorney error is an objective external factor providing cause for excusing a procedural default only

6

if that error amounted to a deprivation of the constitutional right to counsel."). Because Brock has failed to present any argument to demonstrate cause and prejudice or a fundamental miscarriage of justice, Claims One and Two are procedurally defaulted and must be dismissed.

### III.

The authority of federal courts to issue habeas relief for individuals in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254 provides that a federal court may not grant a federal habeas petition with respect to claims that were adjudicated on the merits on state habeas review unless the state adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of facts. 28 U.S.C. § 2254(d). A state determination is contrary to clearly established law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). The Supreme Court has held:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. . . . It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.

*Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Furthermore, a state determination is an unreasonable application of federal law if it "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. The unreasonable application inquiry is an objective one. *Id.* at 410. Thus, § 2254(d) imposes a "highly deferential standard for evaluating state-court rulings." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).[3] Importantly, a federal court may not grant relief simply because a state court applied clearly established law incorrectly. *Id.* at 24–25. Rather, the habeas applicant must show that the state court applied federal law in an objectively unreasonable manner. *Id.* "Congress meant this standard to be difficult to meet." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020).

Brock's remaining claims involve allegations of ineffective assistance of counsel, which the state habeas court adjudicated on the merits. Claims of ineffective assistance of counsel are governed by the high bar established in *Strickland v. Washington*, 466 U.S. 668 (1984), in addition to § 2254's deferential

---

[3] The Supreme Court of Virginia did not issue an opinion when denying Brock's habeas appeal and finding no error in the judgment. Therefore, this court will "look through" the Supreme Court of Virginia's order and review the reasoning of the last reasoned state court opinion, which is the state habeas decision of the Culpepper County Circuit Court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

standard. *Harrington*, 562 U.S. at 105. Under *Strickland*, a petitioner bears the burden of showing that (1) trial counsel's performance was deficient and (2) the deficient performance prejudiced the defense. 466 U.S. at 687. Thus, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult" because the "the question is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington*, 562 U.S. at 105. And because the *Strickland* standard is a general standard, state habeas courts have "even more latitude to reasonably determine that a defendant has not satisfied that standard." *Shinn*, 141 S. Ct. at 523.

Here, the state habeas court properly identified the law for ineffective assistance of counsel claims as established by *Strickland*. Thus, the relevant inquiry is whether the state habeas court applied *Strickland* in an objectively unreasonable manner. *Id.* I find that it did not, and therefore Brock's claims must be dismissed.

In Claim Three, Brock asserts that his trial counsel failed to timely object to Brock's indictment of possession of a controlled substance for being a lesser included offense of possession of a gun while possessing a controlled substance. In dismissing Brock's claim, the state court found that Brock failed to satisfy *Strickland's* deferential standard because trial counsel is not required to make futile objections. As the state court noted, Virginia Code § 18.2-308.4, which criminalizes

9

possession of firearms while in possession of certain substances, provides that a violation of the subsection "constitutes a separate and distinct offense." *Tharrington v. Commonwealth*, 715 S.E.2d 388, 391 (Va. Ct. App. 2001). Such language expresses legislative intent to authorize the imposition of multiple punishments under Virginia law. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Thus, rejection of this claim was not contrary to, nor an unreasonable application of *Strickland*, and this claim will be dismissed.

In Claim Four, Brock contends trial counsel was ineffective for failing to object to the admissibility of Brock's juvenile records. The state court held that this claim was without merit because trial counsel did object to the admissibility of the juvenile records, and to the extent counsel withdrew his objection, Brock failed to establish either prong of the *Strickland* test. The trial court specifically found that it was tactically reasonable under *Strickland* to not object because there was sufficient evidence of Brock's felon status and that Brock was aware of such status. Furthermore, there is nothing to suggest that had trial counsel maintained such objection, there was a reasonable probability that the result of the trial would have been different. The trial transcript shows that Brock's mother testified that both she

and Brock believed Brock to be a felon for his juvenile conviction of malicious wounding and that his sentence for such conviction was for a year. Trial Tr. at 163. A criminal history search run by the arresting officer was also admitted into evidence at trial which showed a felony conviction for malicious wounding. *Id.* at 77–78. Thus, the state court's findings were not an unreasonable application of the *Strickland* test.

In Brock's other assertion in Claim Four, he maintains that his trial counsel was ineffective for failing to obtain his juvenile disposition records before trial. The state habeas court dismissed this claim after determining that counsel's performance was not deficient because he was fully aware of the juvenile records as shown by his pre-trial motion in limine in which the records were quoted, and that even if trial counsel had not obtained the juvenile record, the result of the trial would not have been different.

The state court was not unreasonable in finding that counsel's performance did not fall below an objective standard of reasonableness. The state court specifically cited to counsel's motion in limine, in which counsel directly quoted the juvenile records, including references to the disposition of the juvenile offense. Moreover, the state court reasonably determined that even if trial counsel failed to obtain a particular piece of the record, the documents trial counsel did obtain established that Brock had been found delinquent of his juvenile offense.

11

Consequently, the state court was not unreasonable in finding that any alleged failure to obtain a particular portion of the record would not have reasonably affected the outcome of the trial.

In Claim Five, Brock contends that his trial counsel was ineffective because he failed to investigate that Brock allegedly received confirmation from police agencies that he was not a convicted felon before obtaining a firearm. The state habeas court dismissed this claim under *Strickland*, finding that Brock failed to proffer what favorable evidence specific officers would have testified to and that Brock's claim was conclusory. Additionally, the state court found that Brock failed to establish prejudice.

Brock has proffered what police witnesses would have testified to — that Brock was told by certain officers that he was not a felon and he could carry a firearm. However, the state court's application of *Strickland* was reasonable in that Brock has not established prejudice. Sarah Buddington testified at trial and corroborated Brock's testimony that he received assurances from police. As did Brock's mother. Thus, any such testimony would have been cumulative and therefore its absence does not reasonably entitle Brock to relief under *Strickland*. *See Huffington v. Nuth*, 140 F.3d 572, 581 (4th Cir. 1998). Moreover, even if counsel had investigated and procured officers' testimony, the state court reasonably found that Brock had not established that such testimony would have resulted in a

different outcome.  In fact, on direct appeal, the Court of Appeals of Virginia held that these reassurances did not provide a defense because none of the officials who allegedly provided such reassurances were charged with the responsibility for defining Brock's permissible conduct.  Order 6, Nos. 0105-17-4, 0111-17-4 (Feb. 7, 2018 Va. Ct. App.)  Accordingly, Claim Five will be dismissed.

In Claim Six, Brock contends that trial counsel was ineffective because he failed to investigate an eyewitness who would have corroborated Brock's version of the events — that Brock accidently shot his gun when the car he traveled in went over a speed bump on the night in question.  The state court found that Brock was unable to establish prejudice.  Specifically, had the witness testified, Brock did not show that the result of the trial would have been different because Brock's version of the events was "farfetched" and refuted by testimony that he shot the gun multiple times.  Order 13, CL 19-909 (June 1, 2020 Va. Cir. Ct.).

The trial transcript corroborates the state habeas court's finding that witnesses heard multiple gunshots and that the defendant stated he needed more bullets because he was going to use them to kill people.  Trial Tr. 83, 87, 109, 110, 121–22. Accordingly, the state habeas court reasonably applied *Strickland's* deferential standard in finding no prejudice.

In Claim Seven, Brock asserts that his trial counsel was ineffective because he failed to use certain witness statements to substantiate Brock's version of the

13

events. The state court dismissed this claim after finding that Brock failed to specify what specific statements his counsel could have used and because he failed to allege prejudice as to this claim.

Brock maintains that these statements contained sufficient evidence that would have impeached Anita Johnson's testimony that Brock intentionally fired a gun. Nonetheless, Brock still fails to identify what statement would substantiate his version of the events or discredit Johnson's testimony. *Cf. Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) (noting that habeas relief is unwarranted absent a proffer of what favorable testimony would have been produced). The court also reasonably found that Brock failed to even allege prejudice as to Claim Seven. Consequently, Claim Seven must be dismissed.

### IV.

For the reasons stated, I will grant the Respondent's Motion to Dismiss the Petition. I decline to issue a certificate of appealability because Brock has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's procedural ruling to be debatable or wrong.

A separate Final Order will be entered herewith.

DATED: September 30, 2022

/s/ JAMES P. JONES
Senior United States District Judge